UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CASE NO: 2:24-cv-00245

HEATHER MARIE GONZALEZ, on behalf of
herself and all others similarly situated,

    Plaintiff(s),

    v.

CHAPARRAL STREET LANDING, INC.,
d/b/a RAILROAD SEAFOOD & BREWERY

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO FILE RULE 26(F) JOINT REPORT AND FOR CONTINUANCE OF INITIAL
PRETRIAL CONFERENCE**

Plaintiff, HEATHER MARIE GONZALEZ, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), files this Motion for Extension of Time to File the Rule 26(f) Joint Report and for Continuance of Initial Pretrial Conference, as follows:

**I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

**A.  The Rule 26(f) Joint Report and Pretrial Scheduling Conference**

1.    On October 28, 2024, Plaintiff filed a Collective Action Complaint for Damages and Demand for Jury Trial against Defendant [D.E. 1].

2.    On October 29, 2024, the Court issued the "Order for Conference and Disclosure of Interested Parties," (the "Order") scheduling an initial pretrial and scheduling conference (the "Initial Pretrial Conference") to be conducted on January 9, 2025, at 10:00 a.m [D.E. 4 at 1].

3.    The Order states that "after the Parties meet as required by Fed. R. Civ. P. 26(f)" the Parties are required to "prepare and file not less than fourteen (14) days before the Initial

Pretrial Conference a joint report of meeting and joint discovery/case management plan" ("Rule 26(f) Joint Report") [D.E. 4]. On December 13, 2024, the Court re-scheduled the Initial Pretrial Conference to January 8, 2025, at 10:30 a.m., via video teleconference. [D.E. 7].

### B. PLAINTIFF'S ATTEMPTS TO SERVE DEFENDANT.

4. On October 29, 2024, the Court issued the Summons against Defendant [D.E. 5]. Thereafter, Plaintiff immediately and diligently attempted to serve Defendant with the Complaint. On November 1, 2024, Plaintiff's Process Server attempted to serve Defendant at its Registered Agent's address. However, the property was gated and inaccessible; the Process Server was unable to serve the Complaint.

5. On November 13, 2024, Plaintiff's Process Server again unsuccessfully attempted service of the Complaint upon Defendant.

6. On December 4, 2024, Plaintiff's Process Server successfully served Defendant at a different address than the one originally specified for Defendant's Registered Agent.[1]

7. Defendant's deadline to respond to the Complaint is December 26, 2024, which is approximately 21-days after the date of service (December 4, 2024), excluding the Christmas Holiday on December 25, 2024.

8. However, the Parties' deadline to file the Rule 26(f) Joint Report in accordance with the Court's October 29, 2024, Order is December 26, 2024—which overlaps Defendant's deadline to respond to Plaintiff's Complaint.

9. To date, Counsel for Defendant has not yet appeared in the instant case. Moreover, the Court has not yet issued a Scheduling Order.

### II. LEGAL STANDARD

---

[1] The Process Server is unable to provide Plaintiff with the multiple affidavits of service until December 23, 2024.

Under Fed. R. Civ. P. 6(b), district courts have "broad discretion" to extend filing deadlines. *See, e.g.*, *Gordon v. Greene*, No. CV 21-67-JWD-EWD, 2023 WL 2682123, *1, 6 (M.D. La. Mar. 29, 2023). "Rule 6(b)(1)(A) allows a district court to grant extensions of time prior to the expiration of a deadline for 'good cause' . . .The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the ... court's discretion." *Id*. The "'good cause' standard under Rule 6(b) is a far more **lenient** standard than the Rule 16(b)(4) 'good cause' standard, " which governs requests for extensions of time after the issuance of a Scheduling Order. *Devillier v. State of Texas*, No. 3:20-CV-00223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023) (emphasis added) (citing Fed. R. Civ. P. 6(b)(1)(a)). "Importantly, under Rule 6(b), if an extension is made 'prior to the expiration of the time limit at issue, a court may extend the period for any reason, upon a party's motion or even on its own initiative.'" *Id.*

### III.   ARGUMENT

Plaintiff respectfully requests that the Court (i) extend the Parties' deadline to file the Rule 26(f) Joint Report (presently December 26, 2024) to January 8, 2025, and (ii) grant a continuance as to the upcoming Initial Pretrial Conference (currently scheduled for January 8, 2025) to on or about January 22, 2025. Good cause exists to justify the relief requested herein.

As a threshold matter, Plaintiff has diligently attempted to serve Defendant with the Complaint, with its first attempt occurring within a day of the issuance of the Summons. Moreover, Plaintiff now requests an extension and continuance well in advance of the anticipated deadline. Importantly, Plaintiff has acted in good-faith and has not caused any undue delay.

Secondly, Defendant's current deadline to respond to the Complaint (December 26, 2024) overlaps with the deadline for the Parties to file the Rule 26(f) Joint Report. This scheduling conflict impairs the Parties' ability to engage in a meaningful conferral before the Initial Pretrial

Conference. Significantly, Defendant's Counsel has neither formally appeared nor communicated with Plaintiff. Thus, even assuming *arguendo* that the scheduling conflict alone does not impact the preparation and filing of the Rule 26(f) Joint Report, it remains uncertain whether the Parties will have adequate time to engage in a meaningful conferral. This is particularly relevant given the upcoming Holiday Season and the fact that the current deadlines coincide with Christmas Day.

The overlap with the holidays further complicates the Parties' ability to coordinate effectively and meet the deadlines without undue burden. An extension would account for these scheduling challenges, ensuring a fair and reasonable timeframe for all necessary preparations while respecting the constraints imposed by the holiday period. Additionally, this adjustment would facilitate a more productive conferral between the Parties and support the timely and efficient progression of the case, minimizing potential disruptions caused by the holiday-related scheduling constraints.

Plaintiff seeks to preserve judicial resources and promote efficiency by requesting a modest extension of time, including a continuance of the upcoming Initial Pretrial Conference. This extension would allow the Parties to resolve outstanding issues, engage in meaningful discussions, and ensure that all necessary filings and preparations are completed without unnecessary haste or oversight. By aligning the timeline for the Rule 26(f) Joint Report and Initial Pretrial Conference with the requested extension, the Parties can better address procedural and substantive matters, thereby facilitating a more orderly progression of the case and reducing the likelihood of additional motions or delays that could otherwise burden the Court.

For the foregoing reasons, Plaintiff respectfully proposes a brief extension of the deadline to the file the Rule 26(f) Joint Report to January 8, 2025, and, correspondingly, for the Initial Pretrial Conference to be rescheduled to 14-days after January 8, 2025, to January 22, 2025.

## LOCAL RULE 7.1(D) CERTIFICATE OF CONFERRAL

Plaintiff has been unable to confer with Defendant, a corporation, as counsel for Defendant has not appeared on its behalf.

**Dated: December 16, 2024**

    Respectfully Submitted,

    **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
    1800 SE 10th Ave. Suite 205
    Fort Lauderdale, Florida 33316
    (954) 871-0050
    *Counsel for Plaintiff*

    By: */s/ Michael V. Miller*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372
    SDTX Bar No.: 3882934
    MICHAEL V. MILLER, ESQUIRE
    Florida Bar No. 64005
    SDTX Bar No.: 3887485
    Jordan@jordanrichardspllc.com
    Michael@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 16, 2024.

    By: */s/ Michael V. Miller*
    MICHAEL V. MILLER, ESQUIRE
    Florida Bar No. 64005
    SDTX Bar No.: 3887485

## SERVICE LIST

*Counsel for Defendant has not appeared.*