UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**CASE NO: 2:24-cv-00245**

HEATHER MARIE GONZALEZ, on behalf of
herself and all others similarly situated,

      Plaintiff(s),

      v.

CHAPARRAL STREET LANDING, INC.,
d/b/a RAILROAD SEAFOOD & BREWERY

      Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff, HEATHER MARIE GONZALEZ, and Defendant, CHAPARRAL STREET LANDING, INC., d/b/a RAILROAD SEAFOOD & BREWERY (collectively "Parties"), pursuant to Local Rule 26.03 and Rule 26(f), submit the following Joint Scheduling Report:

**INFORMATION REQUIRED UNDER LOCAL RULE 26.03**

**1.** **Rule 26 Conference**: The Rule 26 Conference of the Parties was held on January 6, 2025. Attorney Michael V. Miller, Esq. appeared on behalf of Plaintiff. Attorney Joe Drennan, Esq., appeared on behalf of Defendant.

**2.** **Cases Related to Present Action**: There are no cases related to the present action pending.

**3.** **Short Statement of Facts**:

Plaintiff's Statement:Plaintiff is a server at Defendant's Restaurant, "Railroad Seafood & Brewery," located at 1214 N. Chaparral St., Corpus Christi, Texas 78401 (hereinafter the "Restaurant"). Defendant has employed Plaintiff as a server since in or around January 2023. Plaintiff contends that during her employment, she and other servers employed at the restaurant are paid a direct wage of less than the applicable federal minimum wage, but were never given the federally

mandated tip credit notice by their employer, the Defendant in this case. Plaintiff also contends that servers at Defendant's Restaurant are required to purchase mandatory uniforms that they are required to wear. However, Defendant does not reimburse its servers for these items, which results in minimum wage violations and/or tips violations because these expenses are for the benefit of the employer and the wages earned by the servers are not "free-and-clear." Plaintiff claims that other similarly situated servers have suffered damages as a result of these restaurant-wide policies and brings these claims under the Fair Labor Standards Act as a collective action on behalf of herself and other similarly situated servers.

Defendant's Statement: Defendant contends that it notified Plaintiff and its other servers of the provisions of subsection 203(m)(2)(A) and complied with all other requirements to properly claim tip credit toward its minimum wage obligations. Defendant also denies that it has ever required Plaintiff or any other server to purchase any uniform items and further contends that it provided Plaintiff and all other servers with one or more Railroad Seafood & Brewery t-shirts (the only required "uniform" item for servers) at or before the time of their first shift. Defendant denies that Plaintiff or any other server has suffered legally compensable damages as alleged in Plaintiff's Complaint. Finally, Defendant denies that this action can appropriately be maintained as a collective action and that there are others similarly situated to Plaintiff.

4.    **Federal Jurisdiction:** This action is brought under 29 U.S.C. § 216(b), a federal law. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. No party denies jurisdiction.

5.    **Likelihood of Apperance in the Action of Additional Parties:** At this time, Plaintiff anticipates moving for conditional certification pursuant to 29 U.S.C. § 216(b) on certain claims. The Parties are also still in the process of reviewing all facts and may seek leave to amend the pleadings

to add additional Parties if appropriate. Defendant maintains that this action cannot be appropriately maintained as a collective action. If the Court so finds, Defendant believes it is less likely that additional parties will appear in the action.

6.    **Anticipated Interventions:** None anticipated at this time.

7.    **Issues Regarding Class Certification:** At this time, Plaintiff has not plead her claims as a class, and does not anticipate moving for Rule 23 class certification. To the extent that Class Certification pertains to a 29 U.S.C. § 216(b) collective Plaintiff anticipates moving for conditional certification.

Defendant denies that this action can be appropriately maintained as a collective action and expects there to be substantial dispute as to the issue of certification or otherwise proceeding as a collective action.

8.    **Rule 26(a) Initial Disclosures:** Does each party represent that it has made the initial disclosures required by Rule 26(a)?

Plaintiff's Position: Yes

Defendant's Position: Plaintiff and Defendant have agreed that Defendant will make its required initial discosures on or before January 27, 2025.

9.    **Proposed Discovery Plan:**

      a.    Rule 26(f) Responses:
      b.    Interrogatories: The Parties intend to exchange Interrogatories and responses prior to the end of the discovery period.
      c.    Oral Depositions: Plaintiff intends to conduct a 30(b)(6) deposition of Defendant and possibly individual depositions of certain managers.

      d.    Experts and Rule 26(a)(2)(B) Reports:
      e.    Expert Depositions:
          i.    Plaintiff
         ii.    Defendant
      f.    Discovery Thus Far: None.

3

      **10.**      **Status of Parties' Agreement As To Discovery Plan:** If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

      **11.**      **Discovery Beyond Initial Disclosures Undertaken to Date:** None.

      **12.**      **Date By Which Discovery Can be Reasonably Completed:** June 16, 2025.

      **13.**      **Possibility of Settlement/Resolution per Rule 26 Conference:** Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

      The parties have discussed the potential for resolution and that it is premature until Plaintiff's attorney is able to review Plaintiff's time and pay records once they are produced by Defendant.

      **14.**      **Consent to Federal Magistrate:** If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. The Parties have not reached an agreement to consent to trial before a Magistrate Judge.

      **15.**      **Jury Demand:** Plaintiff made her demand for a jury trial on October 28, 2024, at the same time this lawsuit was filed. D.E. 1.

      **16.**      **Total Number of Hours it Will Take Both parties to Present Evidence:** 16.

      **17.**      **Pending Motions that Could be Ruled on at Pretrial Conference:** None.

      **18.**      **Other Pending Motions:** None.

      **19.**      **Matters Peculiar to this Case:** None.

      **20.**      All Parties have filed Certificates of Interested Parties. Plaintiff's filed her Certificate of Interested Parties and Corporate Disclosure Statement on October 30, 2024. *See* D.E 6. Defendant

filed its Certificate of Interested Parties and Corporate Disclosure Statement on December 23, 2024.

*See* D.E. 10. Neither party has made any amendment to their Certificates.

21.    As of the date and time of this filing, there are no pro se parties.

A.  Counsel for Plaintiff's Contact Information:

      a.  Michael V. Miller, Esq.
         1800 SE 10th Ave, Suite 205
         Fort Lauderdale, FL 33316
         Fla. Bar No. 64005
         SDTX Bar No. 3887485
         michael@usaemploymentlawyers.com
         (954) 871-0050
      b.  Jordan Richards, Esq.
         1800 SE 10th Ave, Suite 205
         Fort Lauderdale, FL 33316
         Fla. Bar No. 108372
         SDTX Bar No. 3882934
         Jordan@JordanRichardsPLLC.com
         (954) 871-0050

B.  Counsel for Defendant's Contact Information

      a.  Joe Drennan, Esq.
         1001 Main St., Ste. 706
         Lubbock, TX 79401
         Tex. Bar No. 240806523
         SDTX Bar No. 3778240
         Joe@DLFlawfirm.com
         (806) 853-8338

22.    **Proposed Deadlines:**

(1) Plaintiff Exchange of Rule 26(a)(2) Expert Disclosures:    April 15, 2025

(2) Defendant Exchange Rule 26(a)(2) Expert Disclosures:    May 15, 2025

(3) Joinder of Parties (inc'l opt-in Plaintiffs):    No later than 45 days before end of discovery period.

(4) Completion of Discovery:    June 16, 2025

(5) Any Special Circumstances that Would Affect Time Frames Applied in Preparing the Scheduling Order:

Plaintiff anticipates that the briefing of conditional certification and any notice and/or opt-in period (if granted) could potentially alter or adversely affect the Scheduling Order entered by the Court. More specifically, if the Motion is granted and a standard 60 or 90 day opt-in period is permitted, there would not be a sufficient amount of time remaining at the end of the opt-in period if the Defendant wishes to take discovery from any opt-in Plaitniffs.

(6) Any Additional Information Requested:                None at this time.

INFORMATION REQUIRED UNDER RULE 26(f)

**(A)     Rule 26(a) Initial Disclosures:** As of the date of filing, Plaintiff has served Defendant with her Rule 26(a) Initial Disclosures. Defendant will serve its Rule 26(a) Initial Disclosures by no later than January 27, 2025.

**(B)     Subjects on Which Discovery is Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases**:

Plaintiff intends to take written discovery and multiple depositions.

More specifically, Plaintiff intends to seek discovery concerning time sheets, paystubs, daily and weekly job schedules, uniform policies, restaurant hours of operation, restaurant hours opened to the public, listed duties and responsibilities for servers, employee handbooks, personnel files, written employment policies and pay practices, and e-mail and text message exchanges concerning the subject matter of this litigation. Plaintiff anticipates taking approximately 4-5 depositions, but possibly more depending on Defendant's disclsosures and responses to discovery.

Defendant also expects to propound written discovery and take several depositions during the discovery period. Defendant intends to take the depositions of the Plaintiff, Devon Cole, Rebekah Corley and expects it may take depositions of several other current or former servers. Defendant may also seek deposition testimony from any witness deposed by Plaintiff.

**(C)    Form or Forms in Which Discovery Should be Produced**:

The Parties agree to produce any and all responsive documents in this case with an assigned bates number. To the extent Electronically Stored Information (ESI) arsis in this case, the Parties agree to confer in good faith in an effort to limit the burden and expense of production to the extent that production of this information would be duplicative.

**(D)    Claims of Privilege or Protection and Protective Orders:**

The Parties will provide necessary privilege logs with any attorney-client privilege and/or work-product privilege asserted in this case. At this time, the Parties do not anticpate the need for any Orders from the Court, but will seek any necessary orders in the future should the need arise.

**(E)    Changes on the Limitations of Discovery Under the Federal or Local Rules:**

The Parties agree to accept service of all documents, including discovery, in this matter via electronic mail. Otherwise, the Parites do not currently seek any changes on the limitations of discovery under the federal or local rules.

**(F)    Any Other Orders that Should Issue Concerning Discovery:** None at this time.

Dated: January 8, 2025.

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS** | **DRENNAN LANGDON & FIDEL, LLP** |
| **JORDAN RICHARDS, PLLC** | *Counsel for Defendant* |
| *Counsel for Plaintiff* | 1001 Main St., Ste 706 |
| 1800 SE 10th Ave, Suite 205 | Lubbock, Texas 79401 |
| Fort Lauderdale, Fl 33316 | Ph: (806) 853-8338 |
| Tel: (954) 871-0050 | |

USA EMPLOYMENT LAWYERS
JORDAN RICHARDS, PLLC
*Counsel for Plaintiff*
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Fl 33316
Tel: (954) 871-0050

By:/s/ *Michael V. Miller*
**MICHAEL V. MILLER, ESQ.**
SDTX Bar No.: 3887485
Fla. Bar No. 0064005
michael@usaemploymentlawyers.com

DRENNAN LANGDON & FIDEL, LLP
*Counsel for Defendant*
1001 Main St., Ste 706
Lubbock, Texas 79401
Ph: (806) 853-8338

By:/s/ Joe Drennan
**JOE DRENNAN, ESQ.**
Texas Bar No. 240806523
joe@DLFlawfirm.com

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF this 8th day of January 2025 and served on parties listed below via CM/ECF.

By:  */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
SDTX Bar No.: 3887485

## SERVICE LIST

**Drennan Langdon & Fidel, LLP**
Attn: Joe Drennan, Esq.
1001 Main St., Ste 706
Lubbock, Texas 79401
Ph: (806) 853-8338
E-mail: joe@DLFlawfirm.com
*Counsel for Defendant*